IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| KEVIN WRAY TERRELL, )<br>)<br>   Movant, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>   Respondent. ) | Civil Action No. 5:16-10401<br>Criminal Action No. 5:15-00105 |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody and Amended Section 2255 Motion.[1] (Document Nos. 54 and 58.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 55.)

**FACTUAL BACKGROUND**

On July 20, 2015, Movant pled guilty to a single count Indictment charging him with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Criminal Action No. 5:15-00105, Document Nos. 30 – 33.) A Presentence Investigation Report was prepared. (Id., Document No. 26.) The District Court determined that Movant had a Base Offense Level of 26, and a Total Offense Level of 27, the Court having applied the following: A four-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(1) because the offense involved at least 11 firearms; and A three-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a) and

---

[1] Because Movant is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

(b). (Id., Document Nos. 46 and 48.) The District Court sentenced Movant on January 7, 2016, to serve a 100-month term of incarceration to be followed by a three-year term of supervised release. (Id., Document Nos. 45 and 47.) The District Court also imposed a $100 special assessment. (Id.) Movant did not appeal his conviction or sentence to the Fourth Circuit Court of Appeals.

On November 2, 2016, Movant, acting *pro se*, filed his instant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Civil No. 5:16-10401, Document No. 54.) As grounds for *habeas* relief, Movant alleges that the District Court erred in calculating his criminal history points. (Id.) Specifically, Movant states that he "was given 3 criminal points each for each felony, which is unlawful wounding and destruction of property." (Id.) Therefore, Movant asks that his sentence be vacated, set aside, or corrected. (Id.)

On March 29, 2017, Movant filed a "Motion to Amend 28 U.S.C. § 2255" and his Amended Section 2255 Motion. (Id. Document Nos. 57 and 58.) In his Motion to Amend, Movant complains that his presentence report contained State charges that Movant had "not been found guilty."[2] (Id., Document No. 57.) In his Amended Section 2255 Motion, Movant continues to challenge the calculation of his criminal history points. (Id., Document No. 58.) Specifically, Movant argues he was attributed three criminal history points for each for his unlawful wounding conviction and destruction of property conviction. (Id.) Thus, Movant argues that his criminal history points should have totaled five instead of eight.[3] (Id.)

**DISCUSSION**

---

[2] To the extent Movant is complaining that his presentence report contained information considering his pending charges, Movant fails to explain how such rendered his conviction or sentence unconstitutional.

[3] By separate Order entered this day, the undersigned has granted Movant's Motion to Amend.

The relevant portion of Section 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A motion made pursuant to Section 2255 is a collateral attack on a conviction or sentence. To succeed on a Section 2255 motion, the movant must prove that "his sentence or conviction was imposed in violation of the Constitution or law of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack." 28 U.S.C. § 2255. "A motion collaterally attacking a petitioner's sentence brought pursuant to § 2255 requires the petitioner to establish his grounds by a preponderance of the evidence." Sutton v. United States, 2006 WL 36859, * 2 (E.D.Va. Jan. 4, 2006).

The filing of a Section 2255 motion does not supplant or obviate the need to file a direct appeal. Sunal v. Large, 332 U.S. 174, 67 S.Ct. 1588, 91 L.Ed. 1982 (1947). The United States Supreme Court explains that "a final judgment commands respect. For this reason, we have long and consistently affirmed that a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 1593, 71 L.Ed.2d 816 (1982). A non-constitutional claim that could have been, but was not, raised on direct appeal may not be raised for the first time in a Section 2255 motion. Stone v. Powell, 428 U.S. 465, 478 fn. 10, 96 S.Ct. 3037, 3044 fn. 10, 49 L.Ed.2d 1067 (1976). A constitutional claim that could have been, but was not, raised on direct appeal may not be raised for the first time in a Section 2255 motion unless the movant can show either (1) "cause and actual prejudice resulting from the errors of which he

complains," or (2) "he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack." United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999). "The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." Id. at 493. Actual prejudice is shown by demonstrating that the error worked to movant's "actual and substantial disadvantage," rather than just creating a possibility of prejudice. See Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997)(quoting Murray v. Carrier, 477 U.S. 478, 494, 106 S.Ct. 2639, 2648, 91 L.Ed.2d 397 (1986)). "In order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a movant must show actual innocence by clear and convincing evidence. Mikalajunas, 186 F.3d at 493. "Typically, to establish actual innocence, a petitioner must demonstrate actual factual innocence of the offense of conviction, i.e., that petitioner did not commit the crime of which he was convicted; this standard is not satisfied by a showing that a petitioner is legally, but not factually, innocent. Id. at 494. The movant must show that "it is more likely than not that no reasonable juror would have convicted him." Schlup v. Delo, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). Furthermore, a movant may not reassert a claim decided on direct review. In Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir.)(per curiam), cert. denied, 429 U.S. 863, 97 S.Ct. 169, 50 L.Ed.2d 142 (1976), the Court held that a defendant "will not be allowed to recast, under the guise of a collateral attack, questions fully considered [on appeal]." An exception exists, however, when there has been an intervening change in the law which justifies consideration of a prior determination. See Davis v. United States, 417 U.S. 333, 342, 94 S.Ct. 2298, 2303, 41 L.Ed.2d 109 (1974).

In his Motions, Movant challenges the validity of his sentence. (Civil Action. 5:16-10401, Document Nos. 54 and 58.) Specifically, Movant argues that the District Court erred in calculating

his criminal history points. (Id.) Movant claims that the District Court erroneously attributed him with "3 criminal points each for each felony, which is unlawful wounding and destruction of property." (Id.) The undersigned notes that by his written plea agreement, Movant agreed to waive his rights to appeal his conviction and sentence directly and challenge them under Section 2255 except on grounds of ineffective assistance of counsel. (Criminal No. 5:15-00105, Document No. 33, p. 4.) It is well established that a defendant may waive his right to appeal or collaterally attack his conviction and sentence if the waiver was entered into knowingly and voluntarily. See United States v. Johnson, 410 F.3d 137 (4th Cir. 2005); United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). "To determine whether a waiver is knowing and intelligent, this court examines 'the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement.'" United States v. Johnson, 480 Fed.Appx. 229, 230 (4th Cir. 2012)(citation omitted). Generally the waiver is valid and enforceable if a Court fully questions a defendant regarding the waiver of his right to appeal during the Rule 11 colloquy. Id.

The undersigned finds that Movant's plea agreement and appellate waiver were voluntary and intelligent. In his Motions, Movant does not argue that his waiver was made unknowingly or unintelligently. (Civil Action No. 5:16-010401, Document Nos. 54 and 58.) A review of the plea agreement further reveals that the waiver was clear and unambiguous. (Criminal Action No. 5:15-00105, Document No. 33.) Specifically, the plea agreement stated, in pertinent part, as follows:

> Mr. Terrell knowingly and voluntarily waives his right to seek appellate review of his conviction and of any sentence of imprisonment, fine, or term of supervised release imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742(a), except that the defendant may appeal any sentence that exceeds the maximum penalty prescribed by statute. The United States also agrees to waive its right to appeal any sentence of imprisonment, fine, or term of supervised release

5

> imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever, including any ground set forth in 18 U.S.C. § 3742(b), except that the United States may appeal any sentence that is below the minimum penalty, if any, prescribed by statute.
>
> Mr. Terrell also knowingly and voluntarily waives the right to challenge his guilty plea and his conviction resulting from this plea agreement, and any sentence imposed for the conviction, in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255.
>
> The waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel.

(Id., p. 4.) Also, considering Movant's criminal history, the record reveals that Movant had experience with the criminal justice system. (Id., Document No. 48, pp. 11 - 17.) The undersigned, therefore, finds no indication that Movant did not understand the terms and consequences of signing the plea agreement. Based on the foregoing, the undersigned finds that Movant's appellate waiver was knowing and intelligent. Thus, Movant waived his right to challenge the validity of his conviction and sentence.

Notwithstanding the foregoing, the undersigned will briefly consider the merits of Movant's claim. A review of the record reveals that Movant is incorrect in his assertion that the District Court attributed him three points for his unlawful wounding conviction and three points for his destruction of property conviction. Movant was attributed with only three points for *both* his unlawful wounding and destruction of property conviction. (Criminal Action No. 5:15-0105, Document No. 48, pp. 13 – 17.) Specifically, the District Court determined that Movant had eight criminal history points based upon the following: (1) One point for his conviction of Possession of a Controlled Substance in Raleigh County Magistrate Court on June 22, 2004; (2) Three points for his conviction of Possession of a Controlled Substance with Intent to Deliver in Raleigh County Circuit Court on May 13, 2005; (3) One point for his conviction of Driving Under the Influence in

6

Raleigh County Magistrate Court on October 28, 2005; and (4) Three points for his convictions of Unlawful Wounding and Destruction of Property in Raleigh County Circuit Court on January 2, 2007. (Id., pp. 11 – 17.) Thus, Movant's claim that the District Court erroneously attributed him with "3 criminal points each for each felony, which is unlawful wounding and destruction of property" is without merit.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody and Amended Section 2255 Motion (Document Nos. 54 and 58) and **REMOVE** this matter from the Court's docket.

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo*

review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant, who is acting *pro se*, and counsel of record.

Date: March 28, 2019.

_____
Omar J. Aboulhosn
United States Magistrate Judge